**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| GLADYS PELAYO, | ) | NO. CV 16-1370-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| Commissioner of Social Security, | ) | **AND ORDER OF REMAND** |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a Complaint on February 26, 2016, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on March 22, 2016.

///

Plaintiff filed a motion for summary judgment on June 30, 2016. Defendant filed a "Memorandum in Support of Defendant's Answer," which the Court construes as Defendant's motion for summary judgment, on August 3, 2016. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed March 2, 2016.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability since May 18, 2009, based on several alleged impairments, including an alleged lumbar impairment (Administrative Record ("A.R.") 46-47, 61, 68-69, 208-14). Plaintiff testified she suffers from constant radiating low back pain for which she has undergone three epidurals that helped "just a little bit" (A.R. 68-69). In denying disability benefits, the Administrative Law Judge ("ALJ") found no severe lumbar impairment (A.R. 24-35). The Appeals Council denied review (A.R. 1-4).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401

1  (1971) (citation and quotations omitted); see also Widmark v.
2  Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may
> not substitute its judgment for that of the ALJ. But the
> Commissioner's decision cannot be affirmed simply by
> isolating a specific quantum of supporting evidence.
> Rather, a court must consider the record as a whole,
> weighing both evidence that supports and evidence that
> detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

On the present record, the ALJ erred by finding non-severe Plaintiff's alleged lumbar impairment. Remand is appropriate.

Social Security Ruling ("SSR") 85-28[1] governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found "not
> severe" . . . when medical evidence establishes only a
> slight abnormality or a combination of slight abnormalities

---

[1] Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

>which would have no more than a minimal effect on an
>individual's ability to work . . . <u>i.e.</u>, the person's
>impairment(s) has no more than a minimal effect on his or
>her physical or mental ability(ies) to perform basic work
>activities. . . .
>
>If such a finding [of non-severity] is not clearly
>established by medical evidence, however, adjudication must
>continue through the sequential evaluation process.
>
>* * *
>
>Great care should be exercised in applying the not severe
>impairment concept. If an adjudicator is unable to
>determine clearly the effect of an impairment or combination
>of impairments on the individual's ability to do basic work
>activities, the sequential evaluation process should not end
>with the not severe evaluation step. Rather, it should be
>continued.

SSR 85-28 at *2-4; <u>see also</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996) (the severity concept is "a <u>de minimis</u> screening device to dispose of groundless claims") (citation omitted); <u>accord</u> <u>Webb v. Barnhart</u>, 433 F.3d 683, 686-87 (9th Cir. 2005).

In the present case, the medical evidence does not "clearly establish" the non-severity of Plaintiff's alleged lumbar impairment. According to a July 19, 2011 radiology report, digital images of

4

Plaintiff's lumbar spine then revealed anterolisthesis, facet arthrosis, disc narrowing and vacuum cleft lucency that may represent annular derangement (A.R. 1157). Because of resolution loss on the submitted images, the reviewing physician recommended repeating the lateral lumbar view (A.R. 1156-57). No repetition appears to have occurred.

In finding Plaintiff's alleged lumbar impairment non-severe, the ALJ relied on the opinions of a consultative examining physician and state agency physicians (A.R. 32-34). However, none of these physicians appears to have reviewed the July 19, 2011 radiology report described above (A.R. 99, 114-15, 127-28, 986-89). To the contrary, the consultative examining physician upon whom the ALJ placed principal reliance appeared to indicate that a (not yet undertaken) review of imaging studies of Plaintiff's lumbar spine would be necessary for a proper evaluation of Plaintiff's functional limitations:

> For better evaluation of the claimant's functional assessment, may consider reviewing imaging studies of the lumbar spine. There is tenderness in the lumbar spine and pain with motion of the lumbar region (A.R. 989).

Finally, the testimony of the medical expert also supports the conclusion that the medical evidence does not "clearly establish" the non-severity of Plaintiff's alleged lumbar impairment. Although this expert (a psychiatrist) conceded that physical problems were "not my field," the expert testified from a review of the medical records that

1 Plaintiff "has a great deal of physical problems, orthopedic problems,
2 osteoarthritis, rheumatoid arthritis, disorders of the spine . . .
3 lumbar disc disease, and other physical problems" (A.R. 61).

5     The Court is unable to deem the above discussed error to have
6 been harmless. See generally, McLeod v. Astrue, 640 F.3d 881, 888
7 (9th Cir. 2011). Because the circumstances of this case suggest that
8 further administrative review could remedy the error, remand is
9 appropriate. Id. at 888; see also INS v. Ventura, 537 U.S. 12, 16
10 (2002) (upon reversal of an administrative determination, the proper
11 course is remand for additional agency investigation or explanation,
12 except in rare circumstances); Dominguez v. Colvin, 808 F.3d 403, 407
13 (9th Cir. 2015) ("Unless the district court concludes that further
14 administrative proceedings would serve no useful purpose, it may not
15 remand with a direction to provide benefits"); Treichler v.
16 Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for
17 further administrative proceedings is the proper remedy "in all but
18 the rarest cases"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th
19 Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further
20 proceedings rather than for the immediate payment of benefits is
21 appropriate where there are "sufficient unanswered questions in the
22 record").
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 12, 2016.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014).